IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

CALVIN SPRINGER,                    §
                                    §
                                    §
VS.                                 § CIVIL ACTION NO.4:12-CV-295-Y
                                    §
                                    §
BUREAU OF PRISONS, et al.           §

OPINION and ORDER OF PARTIAL DISMISSAL UNDER 28 U.S.C. §
1915A(b)(1),and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)
(With special instructions to the clerk of Court)

     This case is before the Court for review of pro-se plaintiff
Calvin Springer's case under the screening provisions of 28 U.S.C.
§§ 1915A and 1915(e)(2)(B).  Springer is presently an inmate at the
Bureau of Prisons' FCI--Terre Haute facility, but this suit alleges
claims arising from events while Springer was housed in FCI--Fort
Worth.  In response to a Court order regarding deficiencies in his
original complaint, Springer filed an amended complaint, but as it
failed to provide specifics as to the involvement of each defen-
dant, the Court then directed Springer to file a more definite
statement. Springer filed a more definite statement, and thus that
document and the amended complaint[1] are the pleadings subject to
review in this action.

     In the amended complaint and more definite statement, Springer
names as defendants the Bureau of Prisons ("BOP"), the United
States of America, and several individual defendants, including

_____

     [1]The Court previously informed Springer that the filing of an amended
complaint supersedes and takes the place of the original complaint, rendering the
original complaint of no legal effect.

Rebecca Tamez, warden, FCI--Fort Worth; Marty Guitierrez, unit manager, FCI--Fort Worth; and Charles E. Samuels Jr., director, Bureau of Prisons. (Amend. Compl. Style; § I; More Definite Statement (MDS) ¶¶ 1,2, and 8.) In the pleadings, Springer raises three causes of action arising from a fall he sustained while attempting to climb to a top bunk (even though he alleges he was then medically assigned to a lower bunk). (Amend Compl. ¶¶ 12-30.) Springer alleges that Rebecca Tamez and Marty Guitierrez were deliberately indifferent to his serious medical needs in requiring that he use the top bunk even though he had a lower bunk permit. (Amend Compl. ¶¶ 47-54.) He also alleges a claim under the Federal Tort Claims Act (FTCA) against the United States arising from the injuries he allegedly sustained in the fall. (Amend Compl. ¶ 55-59.) Finally, Springer alleges that Tamez and Guitierrez retaliated against him for complaining of the injury, by keeping him in the Special Housing Unit (SHU), and imposing additional classification points on his record that caused him to be transferred to a higher security institution. (MDS ¶¶ 5-7.) Springer seeks several forms of relief, including monetary damages. (Amend Compl. § VIII.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[2] Under 28

---

[2]*Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[3] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[4]  Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[5]  Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[6]  After review of the amended complaint and more definite statement under these standards, the Court concludes that some of Springer's claims and some defendants must be dismissed under the authority of these statutes. With regard to the remaining claims and defendants, the Court will allow service of process upon them as set forth in a separate order.

*Bureau of Prisons*

Springer has named the Bureau of Prisons.  His theories of recovery include claims for violation of his constitutional rights under *Bivens* v. *Six Unknown Named Agents of the Federal Bureau of*

---

[3]*See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[4]*See* 28 U.S.C.A. § 1915A(a)(West 2006).

[5]*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[6]*Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Narcotics* ("*Bivens*"),[7] and a claim under the FTCA.  But as a *Bivens*
claim is not authorized against a federal agency,[8] Plaintiff may
not assert relief for violation of his constitutional rights
against the Bureau of Prisons. The FTCA waives the United States's
sovereign immunity from tort suits.[9] Because the FTCA provides such
a waiver, the limitations and conditions upon which the government
consents to be sued must be construed strictly in favor of the
United States.[10] In order to sue successfully under the FTCA, "a
plaintiff must name the United States as the sole defendant."[11] In
his more definite statement, Springer has now named the United
States.

Because the Bureau of Prisons is not a proper party it must be
dismissed.

### *Individual Defendants*

The Court directed Springer to provide facts about the
personal involvement of each defendant in the events made the basis
of this suit. In order to state a *Bivens* claim, the claimant must

---

[7]403 U.S. 388, 297 (1971). *Bivens,* of course, is the counterpart to 42
U.S.C. § 1983, and extends the protections afforded under § 1983 to parties
injured by federal actors. *See Evans v. Ball,* 168 F.3d 856, 863 n. 10(5th Cir.
1999) ("A *Bivens* action is analogous to an action under § 1983--the only
difference being that § 1983 applies to constitutional violations by state,
rather than federal officials"*), overruled on other grounds, Castellano v.
Fragozo,* 352 F.3d 939, 948-49 & n. 36 (5th Cir. 2003), *cert den'd,* 543 U.S.
(2004).

[8]*Federal Deposit Insurance Corp. V. Meyer,* 510 U.S. 471, 484-86 (1994).

[9]*McGuire v. Turnbo,* 137 F.3d 321, 324 (5th Cir. 1998)(citing 28 U.S.C. §
2674)).

[10]*Atorie Air, Inc., v. Federal Aviation Administration,* 942 F.2d 954, 957
(5th Cir. 1991)*(citing Lehman v. Nakshian,* 453 U.S. 156, 160 (1981)).

[11]*McGuire,* 137 F.3d at 324 (citing *Atorie Air, Inc.,* 942 F.2d at 957).

4

allege personal involvement by the defendant.[12] With regard to Springer's claims against Charles Samuels Jr., Springer now acknowledges this fact, noting that Samuels "would only be responsible if he had some direct relationship to the facts and circumstances that I have alleged in my amended complaint." Springer did not then state any additional facts, and thus defendant Samuels must be dismissed

As to Warden Tamez, as noted above, Springer seeks relief against her under two theories, deliberate indifference to his serious medical needs and a retaliatory transfer.  As to the first claim, Springer has alleged no involvement of Tamez with his bunk assignment, and he has alleged no facts that she had advanced knowledge of anything to do with his bunk assignment. Rather, on this claim, Springer alleges only that Tamez failed to respond adequately and accurately to his administrative grievances after the injury-inducing fall. (Amend Compl. ¶¶ 34-36; MDS ¶ 1(b).)  But allegations of inadequacies in the processing of a grievance do not support a constitutional violation.[13]  Thus, Springer has not stated a sufficient factual basis to support any claim of deliberate indifference against Rebecca Tames on the Eighth Amendment claim,

---

[12]*Guerrero-Aguiar v. Ruano*, 118 Fed.Appx 832, 833 (5th Cir.2004); *see also Murphy v. Kellar,* 950 F.2d 290, 292 (5th Cir. 1992)(§ 1983 context).

[13]*Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir.2005)("[ An inmate] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due-process violation arising from the alleged failure to investigate his grievances is indisputably meritless"); *see also Jenkins v. Henslee*, No. 3-01-CV-1996-R, 2002 WL 432948, at *2 (N.D.Tex. March 15, 2002)("An inmate does not have a constitutional entitlement to a grievance procedure. Hence any alleged violation of the grievance procedure does not amount to a constitutional violation")(citing *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994), *cert. den'd*, 514 U.S. 1022 (1995) and *Antonelli v. Sheahan*, 81 F.3d 1422 (7th Cir.1996)).

and such claim against her will be dismissed.[14]

*Order*

All claims in this suit against the Bureau of Prisons individual defendant Charles Samuels Jr., and Rebecca Tamez for violation of his rights under the Eighth Amendment, are DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915A(b) (1) and, alternatively, under to 28 U.S.C. §§ 1915(e)(2)(B)(ii).[15]

SIGNED March 21, 2013.

_Terry R. Means_
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[14]The Court notes that, at this time, Springer's Eighth Amendment claim may be served upon defendant Guitierrez. The Court notes that a mere denial of a lower bunk permit "does not satisfy the subjective element of the legal standard governing claims of deliberate indifference to a serious medical need under the Eighth Amendment." *Felix-Torres v. Graham,* 687 F.Supp. 2d 38, 53 (N.D.N.Y. 2009)(listing cases); *see also Quezada v. Poole,* No.06-CV-2285, 2011 WL 4368450, at **3-4 (W.D.N.Y. Sep. 19, 2011)(denying inmate's claim that denial of lower bunk permit amounted to deliberate indifference); *Goodson v. Willard Drug Treatment Campus,* 615 F.Supp. 2d 100, 101-02 (W.D.N.Y. 2009)("While I am not stating that an inmate could never make out an Eighth Amendment claim based upon his being assigned to an upper rather than a lower bunk, plaintiff has not presented sufficient evidence to support such a claim in this case"). Springer alleges that defendant Guitierrez was aware that Springer had a pre-existing back injury and had been provided a lower bunk permit, and had assured Springer that he would clarify his bunk assignment status, and in spite of this assurance, did not address Springer's bunk assignment status, but instead required Springer to remain in an upper bunk, where Springer later fell while attempting to climb to the upper bunk. (Amend Compl. ¶¶ 18-29; Exhibits B and C.)

[15]Springer's claim against Unit Manager Guitierrez based upon the allegation that his rights under the Eighth Amendment were violated by knowingly failing to honor a lower-bunk assignment; his claim against Warden Rebecca Tamez and Unit Manager Guitierrez based upon the allegations that he was retaliated against for exercise of his constitutional rights; and his claim against the United States of America under the FTCA, all remain pending. Springer will be allowed to complete summonses for service upon these defendants through a separate order issued this same day.